**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                                   Case No.  08-33087

MARY E. LAFOREST

       Debtor

**MEMORANDUM ON TRUSTEE'S
OBJECTION TO EXEMPTION CLAIMS**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
                          John P. Newton, Jr., Esq.
                          1111 Northshore Drive
                          Suite S-570
                          Knoxville, Tennessee  37919
                          Attorney for Debtor

                          N. DAVID ROBERTS, JR., ESQ.
                          Post Office Box 2564
                          Knoxville, Tennessee  37901
                          Attorney for Chapter 7 Trustee

                          RICHARD F. CLIPPARD, ESQ.
                          UNITED STATES TRUSTEE
                          Patricia C. Foster, Esq.
                          Howard H. Baker, Jr. United States Courthouse
                          800 Market Street
                          Suite 114
                          Knoxville, Tennessee  37902
                          Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Trustee's Objection to Exemption Claims (Objection to Exemption) filed by N. David Roberts, Jr., Chapter 7 Trustee (Trustee), on August 21, 2008, objecting to the Debtor's claimed exemption in a settlement annuity valued at $155,000.00 under Tennessee Code Annotated § 56-7-203 (2008). A hearing was held on September 25, 2008, and the matter was set for trial on December 22, 2008. Pursuant to the Scheduling Order entered on September 29, 2008, the parties filed Joint Stipulations of Facts and Documents on December 8, 2008, which they amended on December 12, 2008, at which time they advised that an evidentiary hearing was not necessary and that all issues could be resolved on stipulations and briefs.

The facts and documents essential to the resolution of the Trustee's Objection to Exemption are before the court on the Amended Joint Stipulations of Facts and Documents filed December 12, 2008, which includes the following exhibits: (1) the Policy Data page and Schedule of Benefits page of a Settlement Annuity, policy number 902341, issued on November 12, 1990, by Transamerica Occidental Life Insurance Company to Transamerica Annuity Service Corporation, as Owner, on the "Measuring Lif[e]" of David Allen LaForest (Settlement Annuity); (2) a letter from Dace J. Moore, Attorney, dated April 10, 1991, forwarding (a) a Settlement Agreement and Release (Settlement Agreement) dated September 11, 1990, between David Allen LaForest and Mary Eva LaForest, "Claimants," and Henry S. Levin and Andrew R. Levin, "Defendants," and Quincy Mutual Fire Insurance Company, "Insurer"; and (b) an Uniform Qualified Assignment dated September 11, 1990, between David Allen LaForest and Mary Eva LaForest, "Claimants," Quincy Mutual Fire Insurance Company, "Assignor," Transamerica Annuity Service Corporation, "Assignee," and Transamerica Occidental Life Insurance Company, "Annuity Issuer"; (3) a letter dated November 14, 2008, from Aegon Structured Settlements to the Debtor; and (4) a letter dated

March 18, 2008, from Aegon Structured Settlements to the Debtor. The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material facts of record in the Debtor's bankruptcy case, including the Debtor's statements and schedules. Finally, pursuant to the Scheduling Order, the Trustee filed the Trustee's Brief in Support of Objection to Exemption Claims and the Debtor filed her Brief in Opposition to Trustee's Objection to Exemption, both on December 15, 2008.[1]

This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) (2006).

# I

On July 8, 1989, the Debtor's husband, David LaForest, was injured in an automobile accident in Quincy, Massachusetts. AMD. STIPS. at ¶¶ 5-6. On September 11, 1990, Mr. LaForest and the Debtor entered into the Settlement Agreement, settling all claims associated with the accident against Henry S. Levin and Andrew R. Levin and their insurance company, Quincy Mutual Fire Insurance Company. AMD. STIPS. at ¶ 7; STIP. COLL. EX. 2 (Settlement Agreement). In settlement of Mr. LaForest and the Debtor's claims, Quincy Mutual Fire Insurance Company agreed to the following payments: (1) an immediate cash payment of $70,000.00; (2) beginning on October 18, 1990, payments of $625.00 per month to Mr. LaForest for the rest of his natural life, guaranteed for thirty years; and (3) guaranteed lump sum payments to Mr. LaForest of $10,000.00 to be paid on October 18, 1995; $15,000.00 to be paid on October 18, 2000; $20,000.00 to be paid

---

[1] On February 23, 2009, the court entered an Order directing the parties to file, within ten days, the actual Settlement Annuity issued by Transamerica Occidental Life Insurance Company on November 12, 1990, associated with policy number 902341. An Order for Additional Time, granting the parties through March 23, 2009, to file the Settlement Annuity, was entered on March 12, 2009; however, the Supplemental Stipulated Exhibit #1 was not filed until March 25, 2009, and did not contain the signature of the Trustee.

on October 18, 2005; $30,000.00 to be paid on October 18, 2010; $50,000.00 to be paid on October 18, 2015; and $75,000.00 to be paid on October 18, 2020. AMD. STIPS. at ¶ 7; STIP. COLL. EX. 2 (Settlement Agreement) at ¶ 2. Neither Mr. LaForest nor the Debtor, as Claimants under the Settlement Agreement, had the authority to sell, mortgage, encumber, or assign the payments. STIP. COLL. EX. 2 (Settlement Agreement) at ¶¶ 15-16; COLL. STIP. EX. 2 (Uniform Qualified Assignment) at ¶ 3 ("None of the Periodic Payments may be accelerated, deferred, increased or decreased and may not be anticipated, sold, assigned, or encumbered.").

The Settlement Agreement authorized Quincy Mutual Fire Insurance Company to fund its monthly and deferred payment obligations to Mr. LaForest through the purchase of an annuity from Transamerica Occidental Life Insurance Company. AMD. STIPS. at ¶ 7(c); STIP. COLL. EX. 2 (Settlement Agreement) at ¶¶ 3, 18. Accordingly, on November 12, 1990, the Settlement Annuity, policy number 902341, was issued, with Transamerica Occidental Life Insurance Company as "Owner" and David Allen LaForest as the "Measuring Life," STIP. EX. 1, with "[a]ll rights of ownership and control of such annuity contract . . . remain[ing] vested in the Assignee [Transamerica Annuity Service Corporation] exclusively." STIP. COLL. EX. 2 (Uniform Qualified Assignment) at ¶ 6. As set forth on the Policy Data page of the Settlement Annuity, "Transamerica Occidental Life Insurance Company will pay the policy owner, or such person(s) as the policy owner may designate, subject to the provisions of this and the following pages which are made a part of this policy, according to the attached Schedule of Benefits." STIP. EX. 1.

Mr. LaForest received payments under the Settlement Annuity until his death on May 28, 1997. AMD. STIPS. at ¶ 8. At Mr. LaForest's death, the Debtor became the "designated beneficiary" under the Settlement Annuity and began receiving the annuity payments. AMD. STIPS. at ¶ 9; STIP.

EX. 3. The Debtor's daughter, Cassandra LaForest, will become the Primary Beneficiary of any guaranteed payments remaining under the Settlement Annuity upon the Debtor's death. STIP. EX. 4.

On July 16, 2008, the Debtor filed the Voluntary Petition commencing her case under Chapter 7 of the Bankruptcy Code. AMD. STIPS. at ¶ 1. The Debtor listed the Settlement Annuity, valued at $155,000.00, among her assets on Schedule B - Personal Property and claimed an exemption in the entire amount pursuant to Tennessee Code Annotated § 56-7-203. AMD. STIPS. at ¶¶ 2-3. Thereafter, on August 21, 2008, the Trustee filed his Objection to Exemptions. As set forth in the Scheduling Order, the sole issue the court is called upon to resolve is "[w]hether the debtor's exemption claim, made pursuant to Tenn. Code Ann. § 56-7-203, in a Transamerica Occidental Life Settlement Annuity in the amount of $155,000.00 is properly allowable as exempt property in the debtor's bankruptcy case."

## II

The filing of the Debtor's bankruptcy petition created her bankruptcy estate, and all property and interests in property owned by her became property of the estate. 11 U.S.C. § 541 (2006). Nevertheless, she may exempt "any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petitioner . . . [.] 11 U.S.C. § 522(b)(3)(A) (2006).[2] Exempted property "is subtracted from the bankruptcy estate and

---

[2] Under § 522(b), the "opt out" provision, states are allowed to require debtors to use their exemptions rather
(continued...)

5

not distributed to creditors . . . [and ensures that a debtor] retains sufficient property to obtain a fresh start[.]" *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (quoting *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D. Tenn. 1998)). As such, exemptions are determined as of the date upon which the bankruptcy case is commenced and are construed liberally in favor of debtors. *In re Nipper*, 243 B.R. 33, 35 (Bankr. E.D. Tenn. 1999); *see also In re Lichtenberger*, 337 B.R. 322, 324 (Bankr. C.D. Ill. 2006) ("[I]f it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen.").

As required by the Bankruptcy Code, in order to claim property as exempt, a debtor must file a statement listing the property claimed as exempt, along with the amount of claimed exemption and the statutory basis therefor. *See* FED. R. BANKR. P. 4003(a). The Trustee, as a party in interest, is authorized to object to the Debtor's claimed exemptions, and pursuant to Rule 4003(c) of the Federal Rules of Bankruptcy Procedure, he bears the burden of proof that the exemption has been improperly claimed. If he fails, however, to establish that the exemption was claimed improperly by a preponderance of the evidence, it retains its prima facie presumption of correctness and will stand. *In re Mann*, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996).

The Debtor claims an exemption in the remaining funds due under the Settlement Annuity under the following Tennessee statute:

> 56-7-203. **Life insurance or annuity for or assigned to spouse or children or dependent relatives exempt from claims of creditors.** – The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or

---

[2](...continued)
than the federal exemptions enumerated in § 522(d). Tennessee has "opted out" of the federal exemptions, and therefore, the Debtor in this case must use Tennessee's statutory exemptions. *See* TENN. CODE ANN. § 26-2-112 (2001).

6

> dependent relatives of the persons, shall be exempt from all claims of the creditors of the person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to that person.

TENN. CODE ANN. § 56-7-203. The purpose of § 56-7-203 is to allow "for the exemption of funds in annuity contracts and the cash surrender values of policies rather than only the death proceeds payable under the contracts and policies." *In re Clemmer*, 184 B.R. 935, 937 (Bankr. E.D. Tenn. 1995).

> [Section 56-7-]203 does not contain any . . . language referring to death of the policy holder. Indeed, the language of § [56-7-]203 demonstrates that it was designed to apply in cases only where the policy holder is still alive. The last clause of § [56-7-]203 directs that an exemption is valid "whether or not the right to change the name of the beneficiary is reserved by or permitted to such person." In construing the statute, if the court did not recognize any distinction between § [56-7-]201[, which favors the close family members of a deceased debtor at the expense of creditors where a life insurance policy is at stake] and § [56-7-]203 with respect to whether the policy holder was alive or dead, it would fail in its duty to give every word and phrase of the statute some meaning.

*Newport v. Thurman (In re Thurman)*, 127 B.R. 401, 405 (M.D. Tenn. 1991) (quoting TENN. CODE ANN. § 56-7-203 (1989)).[3]

In his Objection to Exemption, the Trustee argues that the Debtor may not claim an exemption in the Settlement Annuity because she is not the owner. Rather, she obtained her rights to payment contractually, as Mr. LaForest's designated beneficiary, and not through his probate estate. On the other side, the Debtor claims that because Mr. LaForest is deceased and she is now receiving payments under the Settlement Annuity, she is its owner. Notwithstanding that both the Trustee's and the Debtor's assertions concerning ownership of the Settlement Annuity are

---

[3] Since the *Thurman* decision, the wording of the statute has been changed as referenced herein.

7

immaterial, the court finds that the Debtor's exemption is not properly claimed under Tennessee Code Annotated § 56-7-203 and the Trustee's Objection to Exemption must be sustained.

There is no dispute that, following the July 8, 1989 injury to Mr. LaForest, the Debtor and her husband entered into the Settlement Agreement on September 11, 1990, providing for Mr. LaForest to receive $625.00 per month, guaranteed for thirty years, as well as six deferred lump sum payments totaling $200,000.00, to be disbursed at five-year intervals in the increasing amounts previously set forth, beginning on October 18, 1995, with the final payment to be paid on October 18, 2020. Under the terms of that Settlement Agreement, Quincy Mutual Fire Insurance Company assigned all obligations to make these payments to Transamerica Annuity Service Corporation, which was accomplished via the Uniform Qualified Assignment entered into the record as a portion of Collective Exhibit 2. Thereafter, Transamerica Occidental Life Insurance Company issued the Settlement Annuity bearing policy number 902341 to Transamerica Annuity Service Corporation, which is designated as "Owner," and it was exclusively vested with all rights and control over the Settlement Annuity. Mr. LaForest was named as the "Measuring Lif[e]" and, as authorized by the Settlement Annuity, was designated by Transamerica Annuity Service Corporation as the party to whom payments were to be made. Additionally, under the terms of the Uniform Qualified Assignment, Mr. LaForest and the Debtor, both of whom were parties thereto as "Claimants," received rights no greater than those of a general creditor against Transamerica Annuity Service Corporation and did not have the right to acceleration, deferment, an increase, or a decrease in payments, nor could they anticipate, sell, assign, or otherwise encumber the periodic payments to be paid pursuant to the Settlement Agreement, through the Settlement Annuity.

8

"The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998); *see also Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) ("The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope."). In order to fully derive the meaning of the statute, the court has broken it down into sections, finding, initially, the first portion of the statute to be clear: that § 56-7-203 exempts the net amount payable under "any annuity contract upon the life of any *person* . . . from all claims of the creditors of the *person* . . . ." (emphasis added).

The law is settled that the phrase "exempt from all claims of the creditors of the person" does not cover the creditors of named beneficiaries to the annuity, whether they are primary or contingent. *In re Billington*, 376 B.R. 239 (Bankr. M.D. Tenn. 2007) (holding that the exemption under § 56-7-203 applies to the cash surrender value of a life insurance policy of the insured debtor/owner even if the spouse, child, or dependent relative thereof is a contingent beneficiary); *In re Olien*, 256 B.R. 280 (Bankr. E.D. Tenn. 2000) (holding that while the cash surrender value of three life insurance policies is exempt under § 56-7-203 from the creditors of the insured debtor/owner, the exemption does not apply to the creditors of the beneficiary - debtor spouse); *In re Huffines*, 57 B.R. 740, 741 (Bankr. M.D. Tenn. 1985) (Where the debtor receives proceeds of insurance policy on life of her husband, "it is clear that Tenn. Code Ann. §§ 56-7-201 to 203 do not provide any exemption . . . [for] this Debtor against her own creditors.").

This contested matter swings on the simple phrase "upon the life of any person." Although the Debtor and the Trustee have, in essence, argued that this phrase applies to the "owner" of an annuity, the court interprets this section as referring solely to the person by whose life the annuity is measured; i.e., the "Measuring Life," irrespective of whether that person is the "owner" of the annuity. In many cases, the measuring life is that of the purchaser of the annuity, but such is not the case here. The purchaser of the Settlement Annuity was Transamerica Occidental Life Insurance Company, and Transamerica Annuity Service Corporation is the owner of the Settlement Annuity, possessing the exclusive authority to pay whomever it designates. Neither of these labels, however, are determinative. The relevant inquiry with respect to whether the Debtor may exempt the payments she receives under the Settlement Annuity – whether she is the designated payee or a beneficiary – is by the "person" whose life the Settlement Annuity was measured, and the measuring life was that of David Allen LaForest. As such, the payments under the Settlement Annuity are exempt only from the claims of Mr. LaForest's creditors. They are not exempt from the Debtor's creditors under § 56-7-203 because she is not the "person" upon whose life the Settlement Annuity was issued.

For the above reasons, the Trustee's Objection to Exemption Claims will be sustained. The $155,000.00 to be paid to the Debtor under the Settlement Annuity issued by Transamerica Occidental Life Insurance Company on November 12, 1990, bearing policy number 902341, is not exempt property under Tennessee Code Annotated § 56-7-203.

An order consistent with this Memorandum will be entered.

FILED:  March 31, 2009

                              BY THE COURT

                              */s/  RICHARD STAIR, JR.*

                              RICHARD STAIR, JR.
                              UNITED STATES BANKRUPTCY JUDGE